UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARCUS J. BARGANIER, SR., *Pro Se*, | Case No.: 1: 18 CV 223 |
| Plaintiff | |
| | JUDGE SOLOMON OLIVER, JR. |
| v. | |
| CLIFFORD PICKNEY, *et al.*, | |
| | MEMORANDUM OF OPINION |
| Defendants | AND ORDER |

**Background**

*Pro Se* Plaintiff Marcus J. Barganier, Sr., a prisoner in the Cuyahoga County Jail, has filed this *in forma pauperis* civil rights action pursuant to 42 U.S.C. § 1983 against the Cuyahoga County Sheriff Clifford Pickney, the Warden of the Cuyahoga County Jail Eric Ivey, and the Director of Regional Corrections Kenneth Mills (ECF No. 1.) In his Complaint, he alleges that the practice of "red-zone" lock-downs in the Jail constitutes cruel and unusual punishment in violation of the Eighth Amendment. He alleges these "red-zone" lock-downs occur in the Jail "four to five days out of each week" and last from "10:00 a.m. . . . to 7:30 p.m. most of the time," and that during the lock-downs, inmates are confined to their cell with no use of "the shower, gaming area inside the Pod Unit, or use of the telephone to call family, friends, or attorneys." (*Id*. at 5, ¶¶ C, D.) The Plaintiff asks the Court to order the Jail to "cease its on-going 'red-zone' lock-downs," "to allow inmates to have access to the showers and telephones during regular operating hours from 7:30 a.m.– 1:00 a.m., 1:30

p.m.– 5:30 p.m. and 7:30 p.m.– 10:00 p.m.," and "to penalize the defendant(s) mon[e]tarily . . . for their inactions to correct on-going problems that results in a red-zone." (*Id*. at ¶ VI.)

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), federal district courts are required, under 28 U.S.C. § 1915A, to review any complaint filed in a civil action "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to dismiss before service such action that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010). In order to survive a dismissal for failure to state a claim, a complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under 28 U.S.C. § 1915A). To state a colorable claim under § 1983, a plaintiff must allege facts sufficient to demonstrate he has been deprived of a right secured by the Constitution or laws of the United States by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2002).

**Analysis**

Even construing the Plaintiff's Complaint liberally, the Court finds it fails to state a plausible claim under § 1983.

First, the Complaint does not set forth allegations suggesting that, or how, any of the named Defendants was personally involved in, or responsible for, the frequent practice of "red-zone" lock-

downs in the Jail that the Plaintiff contends is unconstitutional. Rather, the Plaintiff premises his action against the Defendants solely on the basis that they hold supervisory positions of authority in the Jail. (*See* ECF No. 1 at 4, ¶ D.) It is well-established that liability for constitutional violations cannot be imposed on supervisory officials solely on the basis of *respondeat superior*, or on a failure to act. *Sheehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

Second, the Plaintiff's allegations are insufficient to rise to the level of cruel and unusual punishment under the Eighth Amendment. It is well-established that the Constitution "does not mandate comfortable prisons." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "[R]outine" discomforts of prison life do not suffice to state a claim of cruel and unusual punishment under the Constitution because such "discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992), citing *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Id*. In other words, the Constitution is concerned only with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. *See also Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) ("Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment.").

The "red-zone" lock-down practice of which the Plaintiff complains, though unpleasant and harsh, does not rise to the level of the kind of extreme deprivation required to make out a constitutional conditions-of-confinement claim. *See, e.g., Bishawi v. Northeast Ohio Correctional Center*, 628 F. Appx. 339, 345–46 (6th Cir. 2014) (finding numerous unpleasant prison conditions,

including frequent lockdowns, insufficient to support an Eighth Amendment claim); *Quier v. Maury County Jail*, Case No. 1: 14 CV 153, 2015 WL 269932, at *2 (M.D. Tenn. Jan. 21, 2015) ("being placed in administrative lockdown, even for 23 hours a day, does not rise to the level of a violation of the Eighth Amendment's prohibition against cruel and unusual punishment.").

## Conclusion

For the foregoing reasons, the Plaintiff's Complaint is dismissed in accordance with 28 U.S.C. § 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

May 22, 2018